# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

VISION BIOSYSTEMS (USA)  )
TRADING INC.            )
                        )
    Plaintiff,          )
                        )    Civil Action No.
    v.                  )
                        )
VENTANA MEDICAL SYSTEMS, INC.  )
                        )
    Defendant.          )
_____)

RECEIPT # 45389
AMOUNT $ 150
SUMMONS ISSUED 7-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. pc
DATE 3-07-03

# 03 CV 10391 GAO

MAGISTRATE JUDGE Collings

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Vision BioSystems (USA) Trading Inc. ("VBSUSA") by and through its undersigned

counsel, files this complaint against Defendant Ventana Medical Systems, Inc. ("Ventana"), averring as

follows:

### Nature of the Action

1.    This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202. This

action arises under the patent laws of the United States, in particular, 35 U.S.C. §§102, 103, 112 and

271.

### The Parties

2.    Plaintiff VBSUSA is a corporation organized and existing under the laws of the State of

Delaware with a principal place of business of 35 Pond Park Road, Hingham, Massachusetts.

1



3.    Upon information and belief, defendant Ventana Medical Systems, Inc. ("Ventana") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1910 Innovation Park Drive, Tucson, Arizona.

4.    Upon information and belief, Ventana is the owner of U.S. Patent No. 6,352,861 ("the '861 patent") entitled "Automated Biological Reaction Apparatus," a copy of which is annexed hereto as Exhibit 1.

5.    Upon information and belief, Ventana is the owner of U.S. Patent No. 5,355,439 ("the '439 patent") entitled "Method and Apparatus for Automated Tissue Assay" a copy of which is annexed hereto as Exhibit 2.

<u>Jurisdiction and Venue</u>

6.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1338(a).

7.    Venue is proper in this district court pursuant to 28 U.S.C. §§1391(b) and (c).

<u>The Bond™ System</u>

8.    Vision BioSystems Ltd. ("VBSL"), an Australian corporation, has designed and developed an automated staining system for use in the clinical diagnostic market -- the Bond™ system. The system consists of two different products. Bond™ -X is an immunohistochemistry ("IHC") staining system. The second product, Bond™-maX is an immunohistochemistry and in-situ hybridization ("ISH") system that is also capable of performing automated de-waxing and epitope retrieval.

9.    VBSUSA intends to import and sell the Bond™ system in the United States. VBSUSA expects to begin demonstrating and taking orders in the United States for sales of Bond™ system

2

products in March 2003.  VBSUSA expects to begin importing Bond™ system products into the United States in June 2003.

VBSUSA's Reasonable Apprehension That it Will Be Sued

10.    Upon information and belief, defendant Ventana asserts that the Bond™ system infringes both the '861 patent and the '439 patent.

11.    In a January 2, 2003 letter, Ventana President and Chief Executive Officer Christopher M. Gleeson notified Dr. James Fox, Managing Director for Vision Systems Limited (an Australian company which is the holding company for VBSL and VBSUSA) that Ventana had filed a complaint against Vision Systems Ltd. in the U.S. District Court for the District of Arizona alleging that the Bond™ system would infringe the '861 and the '439 patents.  Mr. Gleeson stated in the letter that the complaint was filed to "preserve our choice of forum in the event that we will become involved in actual litigation over this matter."  A copy of Mr. Gleeson's January 2, 2003 letter is annexed hereto as Exhibit 3.  Vision Systems Limited has never been served with the complaint.

12.    Upon information and belief, Ventana told attendees of the National Society of Histotechnologists ("NSH") conference and trade show held in October 2002 that the Bond™ System infringes Ventana patents and that Ventana would be filing an infringement suit.

13.    Ventana has placed VBSUSA in reasonable apprehension that it will be sued for alleged infringement of the '861 and '439 patents when VBSUSA offers to sell or sells Bond™ system products in the United States.  Ventana's statements as described in paragraphs 11-12 above evinces a clear intention on the part of Ventana to enforce the '861 and '439 patents against VBSUSA.

3

14.    VBSUSA intends to begin demonstrating and offering the Bond™ system for sale in the United States in March 2003. Therefore, there exists a substantial and continuing controversy between VBSUSA and Ventana as to the validity and infringement of the '861 and '439 patents.

## Count 1
### Declaratory Judgment of No Infringement of the '861 Patent

15.    VBSUSA repeats and realleges the allegations of paragraphs 1-14 as if set forth herein.

16.    The Bond™ system products do not infringe or contribute to the infringement of the '861 patent.

17.    VBSUSA will not induce others to infringe the '861 patent because the use of VBSUSA's product according to the accompanying instructions will not fall within the scope of any claim of the '861 patent, and therefore does not infringe any such claim.

## Count 2
### Declaratory Judgment of No Infringement of the '439 Patent

18.    VBSUSA repeats and realleges the allegations of paragraphs 1-17 as if set forth herein.

19.    The Bond™ system products do not infringe or contribute to the infringement of the '439 patent.

20.    VBSUSA will not induce others to infringe the '439 patent because the use of VBSUSA's product according to the accompanying instructions will not fall within the scope of any claim of the '439 patent, and therefore does not infringe any such claim.

## Count 3
### Declaratory Judgment of Patent Invalidity of the '861 Patent

21.    VBSUSA repeats and realleges the allegations of paragraphs 1-20 as if set forth herein.

4

22.     The claims of the '861 patent are invalid under one or more of 35 U.S.C. §§101, 102, 103 and/or 112.

### Count 4
### Declaratory Judgment of Patent Invalidity of the '439 Patent

23.     VBSUSA repeats and realleges the allegations of paragraphs 1-22 as if set forth herein.

24.     The claims of the '439 patent are invalid under one or more of 35 U.S.C. §§101, 102, 103 and/or 112.

### Count 5
### Tortious Interference with Business under Massachusetts Law

25.     VBSUSA repeats and realleges the allegations of paragraphs 1-24 as if set forth herein.

26.     VBSL has been involved in designing and manufacturing instruments for the clinical histology market for over 15 years.

27.     In anticipation of offering the Bond™ system for sale, VBSL provided information about the system on its website and in brochures.

28.     During the period September 29 - October 1, 2002, VBSL exhibited a prototype of the Bond™ instrument, which was not fully functional, at the NSH conference and trade show in Long Beach, California.

29.     VBSL employees attending the conference learned from conference attendees visiting the VBSL booth that Ventana employees were advising conference attendees that the Bond™ system infringes Ventana patents and that Ventana was going to file an infringement action.

30.     Ventana's statements were malicious and made with the intent to interfere with VBSL's business relationships.

31.    VBSUSA has an exclusive license with VBSL to sell the Bond™ system in the United States.

32.    As a direct result of Ventana's actions, VBSUSA lost sales in an amount to be determined at trial.

WHEREFORE VBSUSA respectfully requests that this Court enter the following relief:

a)    A declaratory judgment that VBSUSA is not liable for infringement of the '861 patent;

b)    A declaratory judgment that VBSUSA is not liable for infringement of the '439 patent;

c)    A declaratory judgment that the '861 patent is invalid;

d)    A declaratory judgment that the '439 patent is invalid;

e)    A declaration that this case is exceptional under 35 U.S.C. §285;

f)    A judgment that Ventana tortuously interfered with business relationships of VBSUSA;

g)    A judgment in favor of VBSUSA for its attorneys' fees, costs and expenses in this action; and

h)    A judgment in favor of VBSUSA for such further necessary proper relief as this Court may deem just and proper.

Dated :   March 3, 2003

Respectfully submitted,
Vision BioSystems (USA) Trading Inc.
By its attorneys

Christine M. Roach
BBO # 421630
Roach & Carpenter PC
24 School Street
Boston, Massachusetts 02108
617 720 1800

6

E. Anthony Figg
Elizabeth A. Leff
Richard Wydeven
Rothwell, Figg, Ernst & Manbeck
1425 K Street, NW, Suite 800
Washington, DC 20005
202 783 6040

US006352861B1

(12) **United States Patent** (10) Patent No.: **US 6,352,861 B1**

Copeland et al. (45) Date of Patent: **Mar. 5, 2002**

(54) **AUTOMATED BIOLOGICAL REACTION APPARATUS**

(75) Inventors: **Keith G. Copeland; Thomas M. Grogan; Charles Hassen; William Ross Humphreys; Charles E. Lemme; Phillip C. Miller; William L. Richards; Wayne A. Showalter**, all of Tucson, AZ (US)

(73) Assignee: **Ventana Medical Systems, Inc.**, Tucson, AZ (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/452,309**

(22) Filed: **Dec. 1, 1999**

**Related U.S. Application Data**

(63) Continuation of application No. 08/906,678, filed on Aug. 5, 1997, which is a continuation of application No. 08/479,415, filed on Jun. 6, 1995, now Pat. No. 5,654,200, which is a division of application No. 08/352,966, filed on Dec. 9, 1994, now Pat. No. 5,595,707, which is a continuation of application No. 07/924,052, filed on Aug. 31, 1992, now abandoned, which is a continuation-in-part of application No. 07/488,601, filed on Mar. 2, 1990, now abandoned.

(51) Int. Cl.[7] .......................... **G01N 1/00; G01N 35/04**

(52) U.S. Cl. .......................... **436/46; 436/43; 436/45; 436/47; 436/49; 436/54; 436/180; 422/63; 422/64; 422/65; 422/67; 422/100; 422/102; 427/2.11; 141/130; 141/145**

(58) Field of Search .......................... 422/63–65, 100, 422/67, 102; 436/43, 45, 46, 47, 49, 54, 180; 427/2.11; 141/130, 145

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,346,056 A | * 8/1982 | Sakurada | 422/64 |
| 4,678,752 A | 7/1987 | Thorne et al. | |
| 4,729,661 A | 3/1988 | Bell | |
| 4,844,868 A | * 7/1989 | Rokugawa | 422/64 |
| 4,855,109 A | 8/1989 | Muraishi et al. | |
| 4,935,875 A | * 6/1990 | Shah et al. | 364/49 |
| 4,961,906 A | * 10/1990 | Andersen et al. | 422/102 7 |
| 4,985,206 A | * 1/1991 | Bowman et al. | 422/99 |
| 5,051,238 A | 9/1991 | Umetsu et al. | |
| 5,075,079 A | * 12/1991 | Kerr et al. | 422/64 |
| 5,180,606 A | * 1/1993 | Stokes et al. | 427/2 |
| 5,229,074 A | 7/1993 | Heath et al. | |
| 5,232,664 A | * 8/1993 | Krawzak et al. | 422/64 |
| 5,355,695 A | * 10/1994 | Kanamori et al. | 422/65 |
| 5,424,036 A | * 6/1995 | Ushikubo | 422/64 |
| 5,425,918 A | * 6/1995 | Healey et al. | 422/64 |

(List continued on next page.)

OTHER PUBLICATIONS

Stark et al., An Automated Device of Immunocytochemistry, Journal of Immunological Methods, 1988, Elsevier, 107, pp. 89–92.*

*Primary Examiner*—Jill Warden
*Assistant Examiner*—Kathryn Bex
(74) *Attorney, Agent, or Firm*—McDonnell Boehnen Hulbert & Berghoff

(57) **ABSTRACT**

An automated immunostaining apparatus having a reagent application zone and a reagent supply zone. The apparatus has a carousel slide support supporting a plurality of slide supports thereon, and drive means engaging the carousel slide support for consecutively positioning each of a plurality of slide supports in the reagent application zone. The apparatus also has a carousel reagent support having a plurality of reagent container supports thereon, and drive means engaging the carousel for rotating the carousel and positioning a preselected reagent container support in the reagent supply zone. The apparatus also has a reagent delivery actuator means positioned for engaging a reagent container positioned on a container support in the reagent delivery zone and initiating reagent delivery from the reagent container to a slide supported on a slide support in the reagent receiving zone.

**25 Claims, 37 Drawing Sheets**



**US 6,352,861 B1**
Page 2

## U.S. PATENT DOCUMENTS

5,439,645 A  *  8/1995  Saralegui et al. ............. 422/64
5,439,649 A  *  8/1995  Tseung et al. ................ 422/99
5,645,114 A  *  7/1997  Bogen et al. ................ 141/145
5,646,046 A     7/1997  Fischer et al.

5,654,200 A  *  8/1997  Copeland et al. ............. 436/46
5,656,493 A     8/1997  Mullis et al.
5,947,167 A  *  9/1999  Bogen et al. ................. 141/1
6,193,933 B1 *  2/2001  Sasaki et al. ................ 422/64

* cited by examiner



FIG.2

FIG.3



FIG.4





# FIG.5



FIG.6



FIG.7



FIG.8



FIG.9

Case 1:03-cv-10391-GAO    Document 1-2    Filed 03/03/2003    Page 19 of 20



FIG. 10

Case 1:03-cv-10391-GAO    Document 1-2    Filed 03/03/2003    Page 20 of 20



FIG.11